## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICHAEL KENT, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR** |
| | ) | **VIOLATIONS OF THE** |
| DICE THERAPEUTICS, INC., JIM SCOPA, | ) | **FEDERAL SECURITIES LAWS** |
| JAKE SIMSON, LISA BOWERS, MITTIE | ) | |
| DOYLE, J. KEVIN JUDICE, RICHARD | ) | JURY TRIAL DEMANDED |
| SCHELLER, and SHARON TETLOW, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Plaintiff Michael Kent ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

## NATURE OF THE ACTION

1. Plaintiff brings this action against Plaintiff against DICE Therapeutics, Inc. ("CTI" or the "Company") and its corporate directors for violating Sections 14(d)(4), 14(e) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(d)(4), 78n(e), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14d-9, 17 C.F.R. §240.14d-9(d) ("Rule 14d-9"), in connection with the proposed acquisition of the Company by Eli Lilly and Company (Lilly").[1]

---

[1] The proposed acquisition of the Company described herein is referred to as the "Proposed Transaction."

2.      On June 18, 2023, the Company entered into an Agreement and Plan of Merger (the "Merger Agreement") with Lilly and Lilly's wholly owned subsidiary, Durning Acquisition Corporation ("Purchaser"). The Merger Agreement provides that Lilly will acquire DICE for $48.00 in cash per share of DICE common stock, via a tender offer (the "Tender Offer").[2]

3.      The Company's corporate directors subsequently authorized the April 6, 2023, filing of a materially incomplete and misleading 14D-9 Solicitation/Recommendation Statement (the "Solicitation Statement") with the SEC. The Solicitation Statement, which recommends that Company stockholders tender their shares in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Solicitation Statement in violation of the Exchange Act.

4.      It is imperative that the material information omitted from the Solicitation Statement is disclosed to the Company's stockholders prior to the forthcoming Tender Offer deadline, so that they can properly exercise their rights, among other things.[3]

5.      For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

---

[2] Purchaser commenced the Tender Offer on June 30, 2023.

[3] The Tender Offer is currently scheduled to expire at one minute after 11:59 p.m., Eastern Time, on July 28, 2023.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9. Plaintiff is, and has been at all times relevant hereto, the owner of DICE common stock.

10. Defendant DICE is a Delaware corporation with its principal executive offices located at 400 East Jamie Court, Suite 300, South San Francisco, California 94080. DICE's shares trade on the Nasdaq Global Market under the ticker symbol "DICE." DICE is a biopharmaceutical company focused on building a pipeline of novel oral therapeutic candidates to treat chronic diseases in immunology and other therapeutics areas. The Company's DELSCAPE platform is designed to discover selective oral small molecules with the potential to modulate protein-protein interactions as effectively as systemic biologics. DICE's lead therapeutic candidates are oral antagonists of the pro-inflammatory signaling molecule, IL-17,

which is a validated drug target implicated in a variety of immunology indications. DICE is also developing oral therapeutic candidates targeting the integrin α4ß7 for the treatment of inflammatory bowel disease.

11. Defendant Jim Scopa is and has been a director of the Company at all times relevant hereto.

12. Defendant Jake Simson is and has been a director of the Company at all times relevant hereto.

13. Defendant Lisa Bowers is and has been a director of the Company at all times relevant hereto.

14. Defendant Mittie Doyle is and has been a director of the Company at all times relevant hereto.

15. Defendant J. Kevin Judice is a co-founder of the Company and has been Chief Executive Officer and a director of the Company at all times relevant hereto.

16. Defendant Richard Scheller is and has been Chairman of the Board and a director of the Company at all times relevant hereto.

17. Defendant Sharon Tetlow is and has been a director of the Company at all times relevant hereto.

18. Defendants identified in paragraphs 11-17 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

19. On June 20, 2023, Lilly and the Company jointly announced in relevant part:

INDIANAPOLIS and SOUTH SAN FRANCISCO, Calif., June 20, 2023 – Eli Lilly and Company (NYSE: LLY) and DICE Therapeutics, Inc. (NASDAQ: DICE) today announced a definitive agreement for Lilly to acquire DICE.

DICE is a biopharmaceutical company that leverages its proprietary DELSCAPE technology platform to develop novel oral therapeutic candidates, including oral IL-17 inhibitors currently in clinical development, to treat chronic diseases in immunology.

"In combination with its novel technology and expertise in drug discovery, DICE's talented workforce and passion for innovation will enhance our efforts to make life better for people living with devastating autoimmune diseases," said Patrik Jonsson, executive vice president, president of Lilly Immunology and Lilly USA, chief customer officer. "We welcome DICE colleagues to Lilly and, together, we can tackle the challenges ahead in finding new treatments for patients with significant unmet medical needs."

Kevin Judice, Ph.D., CEO of DICE Therapeutics, added: "We're eager to see our pipeline, including our oral IL-17 inhibitors, DC-806 and DC-853, benefit from Lilly's resources and global reach and I'm excited by the prospect of watching these two talented teams in a united quest for scientific innovation. Our novel approach to discovering and advancing oral, small molecules against validated protein-protein interaction targets has even greater potential with Lilly's industry-leading clinical development capabilities to get these medicines to patients suffering from autoimmune diseases."

**Terms of the Agreement**

Lilly will commence a tender offer to acquire all outstanding shares of DICE for a purchase price of $48 per share in cash (an aggregate of approximately $2.4 billion) payable at closing. The transaction has been approved by the boards of directors of both companies.

The transaction is not subject to any financing condition and is expected to close in the third quarter of 2023, subject to customary closing conditions, including receipt of required antitrust clearance and the tender of a majority of the outstanding shares of DICE's common stock. Following the successful closing of the tender offer, Lilly will acquire any shares of DICE that are not tendered in the tender offer through a second-step merger at the same consideration as paid in the tender offer.

The purchase price payable at closing represents a premium of approximately 40% to the 30-day volume-weighted average trading price of DICE's common stock ended on June 16, 2023, the last trading day before the announcement of

the transaction. DICE's Board of Directors unanimously recommends that DICE's stockholders tender their shares in the tender offer.

Lilly will determine the accounting treatment of this transaction as a business combination or an asset acquisition, including any related acquired in-process research and development charges, according to Generally Accepted Accounting Principles (GAAP) upon closing. This transaction will thereafter be reflected in Lilly's financial results and financial guidance.

For Lilly, Kirkland & Ellis LLP is acting as legal counsel. For DICE, Centerview Partners LLC is acting as exclusive financial advisor and Fenwick & West LLP as legal counsel.

**The Materially Incomplete and Misleading Solicitation Statement**

20. The Board caused to be filed the materially incomplete and misleading Solicitation Statement with the SEC on June 30, 2023. The Solicitation Statement, which recommends that DICE stockholders tender their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) the Company's financial forecasts; (b) the financial analyses underlying the fairness opinion provided by the Company's financial advisor, Centerview Partners LLC ("Centerview"); and (c) potential conflicts of interest faced by Company insiders.

*Material Misrepresentations and/or Omissions Concerning the Company's Financial Forecasts*

21. The Solicitation Statement fails to disclose material information concerning the Company's financial forecasts, including the Company management's non risk-adjusted projections.[4]

---

[4] *See* Solicitation Statement at 38. The Solicitation Statement similarly fails to disclose the assumptions underlying the risk-adjusted forecasts. *Id.*

6

22. The Solicitation Statement also fails to disclose the line items underlying DICE's forecasted Unlevered Free Cash Flow.

*Material Misrepresentations and/or Omissions Concerning Centerview's Financial Analyses*

23. The Solicitation Statement fails to disclose material information concerning the financial analyses underlying Centerview's fairness opinion.

24. With respect to the *Discounted Cash Flow Analysis* performed by Centerview the Solicitation Statement fails to disclose: (a) DICE's terminal values; and (b) the Company's fully diluted outstanding shares as used in the analysis.

25. With respect to the *Analyst Price Target Analysis* performed by Centerview, the Solicitation Statement fails to disclose both the individual price targets observed and their respective sources.

26. With respect to the *Premia Paid Analysis* performed by Centerview, the Solicitation Statement fails to disclose the identities of the transactions observed and their respective individual premia.

*Material Misrepresentations and/or Omissions Concerning Company Insiders' Potential Conflicts of Interest*

27. The Solicitation Statement fails to disclose material information concerning Company insiders' potential conflicts of interest, including whether any of Lilly's proposals or indications of interest mentioned management retention in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation.

28. The Solicitation Statement also fails to disclose the details of any employment and retention-related discussions and negotiations that occurred between DICE directors and

executive officers and Lilly, who participated in all such communications, when they occurred and their content.

29. The omission of the above-referenced information renders statements in the ""Certain Unaudited Prospective Financial Information of DICE," "Opinion of DICE's Financial Advisor," "Executive Officer and Director Arrangements Following the Merger," and "Background of the Merger Agreement" sections of the Solicitation Statement materially incomplete and misleading in contravention of the Exchange Act.

30. Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer, Plaintiff and the other stockholders of DICE will be unable to make a sufficiently informed decision in connection with the Tender Offer and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims Against All Defendants for Violations of Section 14(d) of the Exchange Act and SEC Rule 14d-9 Promulgated Thereunder**

31. Plaintiff repeats all previous allegations as if set forth in full.

32. Defendants have caused the Solicitation Statement to be issued with the intention of soliciting DICE stockholders to tender their shares in the Tender Offer.

33. Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

34. Section 14(d)(4) of the Exchange Act states:

> Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

35. SEC Rule 14d-9 sets forth, in relevant part:

Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

36. Item 8 of Schedule 14D-9 requires a company's directors to "[f]urnish such additional material information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

37. The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which omission renders the Solicitation Statement false and/or misleading.

38. Defendants knowingly or with deliberate recklessness omitted the material information identified above from the Solicitation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Proposed Transaction, they allowed it to be omitted from the Solicitation Statement, rendering certain portions of the Solicitation Statement materially incomplete and therefore misleading.

39. The misrepresentations and omissions in the Solicitation Statement are material to Plaintiff and the other stockholders of CTI, who will be deprived of their right to make an informed decision whether to tender their shares or seek appraisal if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can

Plaintiff be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

## COUNT II

**Claims Against All Defendants for Violations of Section 14(e) of the Exchange Act**

40. Plaintiff repeats all previous allegations as if set forth in full.

41. Section 14(e) of the Exchange Act provides that it is unlawful "for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders, or any solicitation of security holders in opposition to or in favor of any such offer, request, or invitation." 15 U.S.C. § 78n(e).

42. Defendants violated Section 14(e) of the Exchange Act by issuing the Solicitation Statement to DICE stockholders in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading. Specifically, the Solicitation Statement misrepresented and/or omitted material facts concerning the Company's financial forecasts, the Centerview's financial analyses, and Raymond James and Company insiders' potential conflicts of interest.

43. Defendants knew that Plaintiff would rely upon their statements in the Solicitation Statement in determining whether to tender his shares pursuant to the Tender Offer or seek appraisal.

44. As a direct and proximate result of these defendants' unlawful course of conduct in violation of Section 14(e) of the Exchange Act, absent injunctive relief from the Court,

Plaintiff has sustained and will continue to sustain irreparable injury by being denied the opportunity to make an informed decision in deciding whether or not to tender his shares or seek appraisal.

## COUNT III

### Claims Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act

45. Plaintiff repeats all previous allegations as if set forth in full.

46. The Individual Defendants acted as controlling persons of DICE within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of CTI, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

47. Each of the Individual Defendants was provided with or had unlimited access to copies of the Solicitation Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

48. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Solicitation Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the

Proposed Transaction. They were, thus, directly involved in the making of the Solicitation Statement.

49. In addition, as the Solicitation Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Solicitation Statement purports to describe the various issues and information that they reviewed and considered – descriptions into which the Company directors had input.

50. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

51. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(e), Section 14(d) and SEC Rule 14d-9, promulgated thereunder, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, DICE stockholders will be irreparably harmed.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of the Company, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction, including the expiration of the Tender Offer, unless and until defendants disclose

the material information identified above which has been omitted from the Solicitation Statement;

      B.    In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

      C.    Directing the Individual Defendants to file a Solicitation Statement that does not contain any untrue statements of material fact;

      D.    Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

      E.    Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: July 5, 2023

**LONG LAW, LLC**

By: */s/ Brian D. Long*
Brian D. Long (#4347)
3828 Kennett Pike, Suite 208
Wilmington, DE 19807
Telephone: (302) 729-9100
Email: BDLong@LongLawDE.com

*Attorneys for Plaintiff*